IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LASHAWN POPE,

      Plaintiff,                       No. CIV S-09-1634 DAD P

    vs.

J.W. HAVILAND, et al.,

      Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $9.66 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

2

550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

In the present case, plaintiff has identified as defendants Warden Haviland, Officer Demery, Lieutenant Roszko, Lieutenant Torres, Chief of the Inmate Appeals Branch Grannis, Appeals Coordinator Cervantes, Officer Padilla, Appeals Examiner Stocker, Counselor

Lobard, Officer Valensuela, Nurse Momago, and Officer Jesup.  In relevant part, plaintiff alleges that, on January 8, 2008, he received a rules violation report for refusing to work because he had bronchitis and the flu.  On January 28, 2008, plaintiff attended a hearing in connection with the rules violation report, and defendant Roszko found him guilty and assessed him thirty days loss of credits.  Plaintiff alleges that he was not participating in any work strike but rather was sick and could not work.  Plaintiff also alleges that on May 20, 2008, he appeared at a classification meeting, and because officers previously found a cellular telephone in his cell, officers put him on C-status and assessed him ninety days loss of credits.  In terms of relief, plaintiff requests monetary damages.  He also requests a court order reinstating him in his old job and restoring all of his lost credits.  (Compl. at 1-12.)

**ANALYSIS**

Plaintiff may not bring a claim pursuant to § 1983 arising out of alleged unconstitutional activities that resulted in his loss of credits unless his disciplinary conviction has been set aside.  See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).  Here, plaintiff's claims against most of the named defendants in connection with the rules violation report, the hearing thereon, and his loss of credits as a result are barred because a judgment in his favor would necessarily imply the

invalidity of his disciplinary conviction. Accordingly, the court will not allow plaintiff to proceed against any of the defendants on these claims in this action. Nor would the court be able to reinstate plaintiff's loss of credits or award him the monetary relief he seeks at this time.[1]

However, plaintiff also appears to allege in his complaint that defendants Mamago and Jessup provided him with inadequate medical care for his bronchitis and flu. To the extent that plaintiff wishes to proceed on an Eighth Amendment inadequate medical care claim against these defendants, his claims would not be barred. However, plaintiff's allegations regarding defendants' actions in connection with his medical care claim are so vague and conclusory that the court is unable to determine whether plaintiff's claims are frivolous or fail to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint if plaintiff wishes to proceed on an inadequate medical care claim.

If plaintiff files an amended complaint, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the

---

[1] A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To the extent that plaintiff seeks reinstatement of his loss of credits, a writ of habeas corpus is plaintiff's sole remedy in federal court which may be pursued only after exhausting all of his constitutional claims in state court.

indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In an amended complaint, plaintiff must allege facts demonstrating how defendants' actions rose to the level of "deliberate indifference."  In this regard, plaintiff must allege in specific terms how defendants Mamago and Jessup were involved in the denial of his medical care.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 4, 2009 motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $9.66.  All fees shall be collected and paid in

/////

accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. Plaintiff's complaint is dismissed.

        4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

        5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: September 11, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
pope1634.14