IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY L. POPE,

      Plaintiff,                             No. CIV S-09-1634 DAD P

   vs.

J.W. HAVILAND, et al.,

      Defendants.                   <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed September 14, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
12 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
13 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
14 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
15 Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must
16 accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees,
17 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable
18 to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S.
19 411, 421 (1969).

**PLAINTIFF'S AMENDED COMPLAINT**

21    In his amended complaint, plaintiff alleges the following.  On December 28, 2007,
22 plaintiff suffered from a severe cold, which included night sweats, chills, a fever, a sore throat, a
23 severe cough, chest pains, and a headache.  (Am. Compl. at 5-6.)  Alarmed that he was coughing
24 up blood, plaintiff informed defendant Nastale of his ailment.  (Id. at 6.)  In response, defendant
25 Nastale told plaintiff that he would contact medical staff on his behalf.  (Id.)
26 /////

1    Thirty to forty-five minutes passed without plaintiff receiving medical attention.
2 (Id.) Accordingly, plaintiff asked defendant Jessup if he could go to the medical treatment
3 center. (Id.) Defendant Jessup responded that defendant Nastale had notified her of plaintiff's
4 condition and that she would call medical staff. (Id.) However, after waiting another fifteen to
5 thirty minutes for medical attention, plaintiff was still not seen by a physician. (Id.) Therefore,
6 plaintiff decided to walk to the medical clinic on his own. (Id.)

7    At the medical clinic, defendant Momago diagnosed plaintiff with the flu and also
8 with bronchitis. (Id. at 7.) Defendant Momago wrote on a health care form that plaintiff was to
9 be seen by a doctor within five to seven days. (Id.) However, plaintiff did not see a doctor until
10 twenty days later. (Id.)

11    Based on the above allegations, plaintiff appears to claim that defendants were
12 deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. In
13 terms of relief, plaintiff seeks monetary damages. (Id. at 5.)

14                                          **DISCUSSION**

15    The allegations of plaintiff's amended complaint remain so vague and conclusory
16 that the court is unable to determine whether the current action is frivolous or fails to state a
17 claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must
18 give fair notice to the defendants and must allege facts that support the elements of the claim
19 plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
20 In this regard, plaintiff must allege, with at least some degree of particularity, overt acts which
21 each defendant engaged in that support his claims. Id. Because plaintiff has failed to comply
22 with the requirements of Fed. R. Civ. P. 8(a), the complaint must be dismissed. Given the
23 deficiencies of plaintiff's complain and amended complaint, the court has serious doubts about
24 whether plaintiff can allege sufficient facts with respect to this incident to state a cognizable
25 claim for relief. Nonetheless, out of an abundance of caution, the court will grant plaintiff leave
26 to file a second amended complaint.

If plaintiff elects to pursue this matter by filing a second amended complaint, he is advised, once again, of the following legal standards that govern the claims he is apparently attempting to present. In Estelle v. Gamble, 429 U.S. 97 (1976), the United States Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the alleged mistreatment amounted to "deliberate indifference to serious medical needs." Id. at 106. In applying this standard, the United States Court of Appeals for the Ninth Circuit has held that a defendant's "indifference to [plaintiff's] medical needs must be **substantial**. Mere indifference, negligence, or medical malpractice will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (quotations omitted) (emphasis added).

It is true that delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. However, in order to establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Accordingly, if plaintiff elects to pursue an inadequate medical care claim by filing a second amended complaint, he must allege facts demonstrating that defendants Nastale, Jessup, and Momago acted with deliberate indifference. That defendants failed to respond to plaintiff's request for medical care as promptly as plaintiff would have liked does not, in of itself, constitute cruel and unusual punishment cognizable under § 1983. Plaintiff must also allege facts demonstrating that any alleged delay in providing him with treatment resulted in some harm to him.

Finally, plaintiff is also reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, prior pleadings no longer serve any function in the case. Therefore, plaintiff must sufficiently allege each claim and the involvement of each defendant in any second amended complaint he elects to file.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 29, 2009, amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint;" failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: October 7, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
pope1634.14am